IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN B. STEVENSON, AS TRUSTEE OF STEVENSON TRUST NO. 7, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    CIVIL ACTION NO. |
| CSX TRANSPORTATION, INC., | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

For his cause of action against defendant CSX Transportation, Inc., Plaintiff John E. Stevenson, as Trustee of Stevenson Trust No. 7, respectfully states as follows:

### I. PARTIES, VENUE AND JURISDICTION

1. John E. Stevenson, as Trustee of Stevenson Trust No. 7 ("Plaintiff") is an adult citizen and resident of Nashville, Davidson County, Tennessee. He is the trustee of Stevenson Trust No. 7, a trust organized and existing under the laws of the State of Tennessee. He is a citizen of the State of Tennessee for purposes of determining diversity jurisdiction.

2. Defendant CSX Transportation, Inc. ("CSX") is a corporation organized under the laws of the State of Virginia, with principal offices located in Jacksonville, Florida. It is a citizen of the States of Virginia and Florida for the purposes of determining diversity jurisdiction.

3. The amount in controversy in this action exceeds the sum of $75,000.00.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as diversity of citizenship exists between Plaintiff and CSX.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the property that is the subject of this action is situated in this judicial district.

## II. FACTUAL BACKGROUND

6. By Special Warranty Deed executed on November 13, 2003, Plaintiff acquired ownership of certain real property located in Nashville, Davidson County, Tennessee located at 1015 West Kirkland Avenue, Nashville, Tennessee ("Plaintiff's Property"). A true and correct copy of the Special Warranty Deed is attached as **Exhibit A** hereto.[1] Reference is made thereto for a full and complete description of Plaintiff's Property.

7. Lying immediately to the north of Plaintiff's Property is a triangular tract of land consisting of approximately 6.5 acres ("Triangular Parcel"). Attached as **Exhibit B** hereto is a depiction of the location of Plaintiff's Property in relation to the Triangular Parcel.[2]

8. At the time Plaintiff acquired ownership of Plaintiff's Property, both Plaintiff's Property and the Triangular Parcel were being used in connection with the operation of a boat manufacturing business located on the Plaintiff's Property and on the Triangular Parcel. The prior owner had partially fenced the perimeter of the Triangular Parcel, and regularly used it for storage and/or disposal of boat hulls in connection its business.

9. From and after the date on which Plaintiff acquired ownership of Plaintiff's Property, both Plaintiff's Property and the Triangular Parcel have been used by Plaintiff in connection with businesses affiliated with Plaintiff. The Triangular Parcel has never been used in connection with CSX's railroad operations, and is not needed for the continuance of rail

---

[1] Plaintiff's Property was subsequently transferred to John E. Stevenson by Quit Claim Deed dated April 27, 2006 of record at Instrument Number 20060518-0058231, Registrar's Office, Davidson County, Tennessee. On July 23, 2019, a Scrivener's Affidavit was recorded correcting the grantor's name in the Quit Claim Deed to "Stevenson Trust No. 7." The Scrivener's Affidavit is of record at Instrument Number 20190723-0072285.

[2] Exhibit B was provided by CSX and is submitted for illustrative purposes only. Plaintiff's do not submit that it is to scale, that its measurements or acreage shown are accurate in any respects.

operations.

10. On numerous occasions over the years, CSX has claimed ownership of the Triangular Tract, complained about Plaintiff's use of the Tract and has demanded that Plaintiff cease such use. In addition, on many occasions beginning in 2005 through the present, CSX has made numerous offers to sell the Triangular Parcel to Plaintiff at prices ranging from $50,000.00 - $800,000.00, but the Parties have never reached any agreement on a sales price.

11. For a period of more than twenty (20) years, the Triangular Parcel has been used solely by the Plaintiff and Plaintiff's predecessors of interest. It has not been used at all by CSX. Plaintiff's use and possession of the property is demonstrated by numerous aerial photographs taken at the site from 2005 to the present.

12. Below is a 2005 aerial photograph of the Triangular Parcel from the Metropolitan Nashville GIS data viewer showing that at the time of the photograph, the site had been cleared, and Plaintiff had erected numerous buildings on site.



13. The below photograph depicts the same Triangular Parcel as of 2008:



14. Finally, the following photograph depicts the Triangular Parcel in 2020.



## III. LEGAL CLAIMS

### Count One -
### Action to Quiet Title and Declare Plaintiff to the Owner of the Property by Adverse Possession.

15. The allegations contained in the proceeding paragraphs of this Complaint are repeated and incorporated herein by reference.

16. For a period exceeding twenty (20) years, Plaintiff and his predecessors in interest have held actual and exclusive possession of the Triangular Parcel.

17. For a period of more than twenty (20) years, the possession of the Triangular Parcel by Plaintiff or his predecessors in interest has been open, visible, and notorious.

18. For a period of more than twenty (20) years, the possession of the Triangular Parcel by Plaintiff or his predecessors in interest has been peaceable and continuous.

19. For a period of more than twenty (20) years, the possession of the property by Plaintiff and his predecessors in interest has been hostile and adverse to CSX.

20. By virtue of the facts, Plaintiff has obtained ownership of the Triangular Parcel through adverse possession, and is entitled to a declaration from this Court to that effect.

### Count Two -
### Declaratory Judgment that CSX May Not Recover the Triangular Parcel from Plaintiff

21. The allegations contained in the proceeding paragraphs of the Complaint are repeated and incorporated herein by reference.

22. Even if Plaintiff's adverse possession of the Triangular Parcel did not vest good title in him, CSX is nevertheless barred from bringing any action, in law or in equity, to recover the Triangular Parcel because Plaintiff has possessed for more than seven (7) years.

23. T.C.A.§ 28-2-103 provides as follows:

**Seven year period runs from time right accrued - Effective of possession** - (a) No person or anyone claiming under such person shall have any action, either at

law or in equity, for the recovery of any lands, tenements or hereditaments, but within seven (7) years after the right of action accrued.

24. Under the plain language of the statute, any claim by CSX to recover the Triangular Parcel which has been used by Plaintiff for more than seven (7) years is forever barred.

## IV. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff, John E. Stevenson, as Trustee of Stevenson Trust No. 7, respectfully requests the following relief:

(1) That the Court enter a declaratory judgment declaring as follows:

(a) that Plaintiff, John E. Stevenson, as Trustee of Stevenson Trust No. 7, has acquired ownership of the Triangular Parcel by possession as a result of his (1) actual and exclusive; (2) open, visible and notorious; (3) continuous and peaceable; and (4) hostile and adverse possession of the Triangular Parcel for more than the prescriptive period of twenty (20) years; and

(b) That CSX is barred from taking any action, at law or in equity, to recover the Triangular Parcel from Plaintiff pursuant to Tenn. Code Ann. 28-2-103; and

(2) That the Court grant such other and further relief as may be just and proper.

Respectfully submitted on this 15th day of September, 2021.

> */s/Garry K. Grooms*
> Garry K. Grooms, Esq. (BPR #12647)
> **BURR & FORMAN LLP**
> 222 Second Avenue South, Ste. 2000
> Nashville, Tennessee 37201
> Telephone: (615) 724-3258
> Facsimile: (615) 724-3358
> E-mail: ggrooms@burr.com
>
> *Counsel for Plaintiff, John E. Stevenson as Trustee of Stevenson Trust No. 7*